# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

FILED _____ ENTERED
LODGED _____ RECEIVED

JAN 7 2006

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | | |
|---|---|---|
| DAVID S.C. DETRICK, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. RWT 03-1532 |
| | ) | |
| OMV MEDICAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

On May 23, 2003, Plaintiffs, six employees of the Defendant, OMV Medical, Inc. ("OMV"),

who worked at the United States Army base at Fort Belvoir,  filed a Complaint for Money Damages

For Violation of The Fair Labor Standards Act.  On March 29, 2004, OMV made offers of judgment

to Plaintiffs Matthew B. Zalewski, Donald Gene Goff, Jr., Stephen C. Hyatt, Frederick K. Koerner,

Shannon Lynn Publicover, and David S.C. Detrick, which each Plaintiff accepted on April 12, 2004.

On April 5, 2004, Defendant made an offer of judgment to opt-in Plaintiff Karen Schlenk, which she

accepted on April 19, 2004.  On April 27, 2004, Plaintiffs filed a Motion for Attorney's Fees and

Costs.  By Order dated May 5, 2004, this Court entered judgment against OMV in favor of each

Plaintiff and the opt-in Plaintiff for a total sum of $22,580.69 and reserved its ruling on Plaintiffs'

Motion for Attorney's Fees and Costs until the motion had been fully briefed by the parties.  OMV

filed an opposition to Plaintiffs' Motion for Attorney's Fees on May 28, 2004.  On June 23, 2005,

the Court heard argument of counsel on Plaintiffs' motion and urged the parties to attempt to settle

their differences.  Those discussions were unsuccessful.

After obtaining judgments for a total of $22,580.69, Plaintiffs requested attorneys' fees in the amount of $95,565.25 and costs in the amount of $1,275.83. In support of this request, Plaintiffs attach a Declaration of Daniel M. Katz which sets forth Mr. Katz's qualifications and to which is appended (1) a worksheet of all hours expended on this case and (2) a series of declarations from attorneys and clients, all of which were executed over seven years ago. The declarations are intended to demonstrate Mr. Katz's expertise in the field of pension and benefit funds and indicate the hourly market rate for his services. In its opposition, OMV argues that Plaintiffs are not entitled to an award of any attorneys' fees because they did not follow Appendix B to the Local Rules of this Court which requires them to provide notice of their fees every quarter. In the alternative, should the Court award any attorneys' fees to Plaintiffs, OMV asserts that the amount of the award should be limited to a fee of $13,487.57 because this case was a straightforward one that did not even involve any depositions or court appearances, prior to the entry of the monetary judgments.

In an action under 29 U.S.C. § 216(b), the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); *Wright v. Carrigg*, 275 F.2d 448, 449 (4th Cir. 1960). With regard to awards of attorney's fees to be awarded, the leading case in this field is *Johnson v. Georgia Highway Express, Inc.*, and its progeny. This case is one of many that relies upon the Lawyers' Rules of Professional Conduct (and predecessor codes of a similar nature) which require that a lawyer's fee "shall be reasonable." (Rule 1.5) The current version of Rule 1.5 provides that in determining the reasonableness of a fee, the factors to be considered include the following:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent.

The Complaint in this case is entitled "Complaint for Money Damages for a Violation of the Fair Labor Standards Act." [Paper No. 1] Although among the prayers for relief at the end of the Complaint is one that asks the Court to "[e]njoin Defendant from failing or refusing to pay . . . overtime pay for hours worked in excess of forty in a workweek," the judgments entered by consent in this matter did not contain any form of injunctive relief, and the only relief actually obtained by the Plaintiffs was exclusively monetary in nature. "Where recovery of private damages is the purpose of . . . litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992). In addition, "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). Accordingly, when a district court makes a determination of the reasonableness of a fee, the "most critical factor" in that determination is "the degree of success obtained." *Hensley* at 436. *See also Doe v. Chao*, No. 05-1068 (4th Cir. Jan. 24, 2006), slip op. at 21. In addition to the guidance provided by *Johnson, Farrar, Hensley* and *Doe*, the court has

been assisted by reference to Appendix B to the Local Rules of this Court.[1]  The Court will now

address the *Johnson* factors.

### Time and Labor Required; Novelty and Difficulty of Questions Involved; Requisite Skill

In applying the first factor, a "trial judge should weigh the hours claimed against his own

knowledge, experience, and expertise of the time required to complete similar activities." *Johnson*,

488 F.2d at 717.  In this regard, the undersigned brings to this task the benefit of thirty-seven years

in the practice of law, including fifteen years as the head of the office of a major law firm and

service on the managing board of that firm for fifteen years.

Bringing this experience to bear, the court has carefully reviewed the legal bills submitted

by the Plaintiffs, and believes that application of its own experience, as well as application of this

court's local rules, requires a substantial reduction in the amount claimed.  Paragraph 2 of

Appendix B of the Local Rules of this Court provides that compensation shall be provided for only

one lawyer for each party who attends client and third party conferences, attends hearings or

---

[1]The Defendant argues that the Motion for Attorney's Fees and Costs should be denied because the Plaintiffs failed to comply with the requirement contained in paragraph 1.c of Appendix B to the Local Rules of this Court which mandates that "[c]ounsel for a party intending to seek fees if the party prevails shall submit to opposing counsel quarterly statements showing the amount of time spent on the case and the total value of that time. * * * The first such statement is due at the end of the first quarter in which the action is filed." It is undisputed that no such statements were furnished by counsel for the Plaintiffs to opposing counsel. Plaintiffs argue that Appendix B does not apply to an action brought under the Fair Labor Standards Act, and disputes that it is an "equivalent statute" to those enumerated in Footnote 1 to Appendix B. The Court disagrees. This argument ignores the introductory portion of the first sentence of the footnote which states that these "rules and regulations apply to cases in which a prevailing party would be entitled to reasonable attorney's fees under" certain enumerated statutes, "and equivalent statutes." The footnote goes on to specify that the rules do not apply to social security cases. Social security cases, contrary to the argument of the Plaintiff, are not "civil rights and discrimination cases." Thus, the clear import of the Footnote 1 to Appendix B is to apply the guidelines to all statutory schemes authorizing recovery of reasonable attorney's fees, with the exception of social security cases. To the extent that there is any ambiguity concerning the scope of this rule, this Court has recently approved the form of a clarifying amendment to resolve any uncertainty, but the amendment is not yet effective. In any event, the Plaintiff presented its fee application in the format specified by the provisions of Appendix B, thus evincing familiarity with the requirements of the rule, but without compliance with the quarterly notification provisions. The Court views the Plaintiffs' failure to comply with the quarterly notification requirement to be regrettable but, under the unique circumstances of this case does not believe that it would warrant outright denial of any fees, especially in light of the good faith argument advanced by counsel for the Plaintiffs as to ambiguity in the coverage of the rule.

-4-

participates in intra-office conferences. In this regard, the court notes that the statement of Katz &

Ratzman, P.C. includes numerous charges for both Mr. Katz and his co-counsel to confer with each

other, send emails to each other and review the same documents, and the Court will, accordingly,

reduce the amount awarded so as to eliminate all charges for the second attorney. Moreover, many

of the items on the statement include research concerning possible class action suits, despite the fact

that Defendant had already indicated its willingness to settle the case.

### Likelihood That Acceptance of Particular
### Employment Will Preclude Other Employment by the Lawyer

It would not appear that this factor is applicable to the fee requested in this case.

### Fee Customarily Charged in the Locality

The Court has reviewed the hourly rates charged by each of the attorneys whose services are

the subject of the Affidavit in support of an award of attorneys' fees, and finds them, too, to be

unreasonable. Plaintiffs rely on a matrix in the District of Columbia that, if applied, would permit

them to collect an hourly rate that is $100 per hour higher than the rate set forth in Appendix B.

Plaintiffs assert that the rate they use is taken from the Laffey Matrix, which is maintained in the

District of Columbia. However, this case took place in Maryland, and the Defendant's offices are

located in Maryland. Furthermore, Plaintiffs' counsel has not provided any evidence that this case

required attorneys from the District of Columbia. "[W]here an attorney knowingly accepts a client

that will entail primarily litigation in another jurisdiction, the prevailing community rate of that

jurisdiction would be applied." *Xiao-Yue Gu v. Hughes STX Corp.*, 127 F.Supp. 2d 751, 767

(D.Md. 2001). The Fourth Circuit has considered that an hourly rate of another jurisdiction could

be used where the nearest counsel with adequate expertise in the area of law was located in another

jurisdiction. *Nat'l Wildlife Fed'n v. Hanson*, 859 F.2d 313 (4th Cir. 1988). However, Plaintiffs have not indicated that there was anything difficult or unique about the present case that required that they hire attorneys from the District of Columbia instead of Maryland. Therefore, the hourly fee applicable will be no greater than $275 per hour, as laid out in Section 3.c. of Appendix B of the Local Rules of this Court.

## Amount Involved and Results Obtained

The amount of the requested fee in relation to the results obtained is entirely and wholly disproportionate. The total of the judgments entered in these proceedings was $22,580.69, and the requested fee is more than four times the amount of the recovery. This enormous disparity is undoubtedly the product of a number of factors, including considerable amount of time spent by counsel for the Plaintiffs seeking to explore class action status or additional clients, as well as an extensive amount of internal conferences between attorneys, the recovery of which is not contemplated by Appendix B to this Court's Local Rules. Application of this factor works strongly against counsel for the Plaintiffs.

## Time Limitations Imposed by the Client or the Circumstances

In this case, there appear to have been no time limitations imposed either by the clients or the circumstances. Indeed, the amount of time required to achieve the results of this case was, at best, modest in light of the very early efforts to settle and the offer of judgment by counsel for OMV. Application of this factor works strongly against counsel for the Plaintiffs.

## Nature and Length of the Professional Relationship

This factor would appear to have limited applicability to this case, and would not affect the amount of the award.

## Experience, Reputation and Ability of the Lawyers

There is little doubt that the attorneys for the Plaintiffs enjoy a good reputation and have considerable experience in matters arising under the Fair Labor Standards Act. However, this factor is more than adequately taken into account by the hourly rates for attorneys admitted to the bar for more than eight years [$200 to $275] set forth in paragraph 3c of Appendix B to this Court's Local Rules.

## Whether the Fee is Fixed or Contingent

In this case, the Court has been advised by counsel for the Plaintiffs that each of them signed a contingent fee agreement providing for a 30 percent attorney's fee with a proviso that any "legal fees and costs [recovered from Defendant] will be credited against the fee specified herein." Counsel for the Plaintiffs suggests that the court ignore a considerably lower fee that would be awarded in accordance with the fee agreements signed by the Plaintiffs because the contingent fee agreements in this case represent a "public-spirited discount" and that, notwithstanding the lower amount of fee that would result from application of the actual fee agreements, the fee should be determined on the basis of the market rate for the legal services Plaintiffs' counsel. The problem with this argument is that, at least under the circumstances of this case, application of the actual fee agreement with the Plaintiffs, based upon the time reasonably required for the prosecution of this case, would not amount to any significant discount.

Counsel for the Plaintiffs first wrote to OMV on May 7, 2003, putting OMV on notice of potential claims. Counsel for OMV communicated shortly thereafter with Plaintiffs' counsel, who agreed to refrain from filing suit until May 22, 2003, in order to allow counsel for OMV an opportunity to look into the matter. On May 22, 2003, the attorneys conferred and, notwithstanding

OMV's offer to meet and arrange for payments for established overtime, Plaintiffs' counsel indicated that he intended to file suit so that he could "seek to ascertain whether other similarly situated individuals at OMV existed whom you also could represent." Plaintiffs proceeded with the filing of their Complaint on May 23, 2003. On June 3, 2003, OMV tendered paychecks to the Plaintiffs to compensate them for "certain unauthorized overtime work allegedly performed."

OMV waived service of process, and filed an Answer to the Complaint. Plaintiffs initiated discovery requests seeking information considerably beyond the scope of the named Plaintiffs (and the facility at which they worked), and the dispute between the parties concerning this effort was resolved by Magistrate Judge Charles Day of this Court. Judge Day rebuffed the efforts of counsel for the Plaintiffs, concluding that "Plaintiffs are engaging in a fishing expedition to the extent that the discovery sought extends beyond the work facility at the Fort Belvoir location." January 20, 2004 Order at page 2.

In the wake of Judge Day's ruling, OMV served offers of judgment on counsel for the Plaintiffs pursuant to Federal Rule of Civil Procedure 68. These offers were ultimately accepted, and judgments entered by consent.

## Discussion

Applying all of the factors set forth above, the Court concludes that a reasonable fee for the Plaintiffs would be in the amount of $13,487.57. OMV has included at pages 23-38 of its Opposition to Plaintiffs' Motion for Attorney's Fees and Costs a detailed analysis and evaluation of the documentation submitted by counsel for the Plaintiffs in support of their requested fees. A copy of these pages of OMV's Opposition is attached to this Opinion and is incorporated herein by

reference. The Court agrees with the position taken by counsel for OMV and believes that it fairly applies all of the factors enumerated in the discussion above.

Counsel for the Plaintiffs also seek additional fees in connection with the preparation of the fee petition, and the Court concludes that the analysis of this request contained in OMV's Opposition at pages 36-38 is appropriate, and the Court adopts that analysis.

Finally, counsel for the Plaintiffs have requested an award of costs and expenses in the amount of $1,275.83. For the reasons set forth at page 39 of OMV's Opposition, a copy of which is attached hereto and incorporated by reference, the Court concludes that an allowance should be limited to $760.97.

The amount awarded by the Court amounts to approximately 60 percent of the recovery achieved by counsel for the Plaintiffs for their clients, or twice the amount actually agreed upon at a "public-spirited discount." It is unfortunate that this case has dragged on so long and taken so much time for counsel for both sides. As set forth in detail in OMV's Opposition, this case unfortunately involved an extraordinary and excessive amount of time for a matter that accomplished a relatively modest result for the clients. Under all of these circumstances, and applying the factors set forth above, the Court concludes that the award of $13,487.57, together with costs in the amount of $760.97 is more than reasonable. For these reasons, a separate Order will be entered making an award in these amounts.

Date:  January 27, 2006

Roger W. Titus
United States District Judge